UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
**FILED**

NOV 0 6 2013

LAWRENCE K. BAERMAN, CLERK
ALBANY

_Jeffrey Rockefeller_ - Pro Se
Plaintiff(s)

vs.

_NYS Dept. of Corrections and
Community Supervision_ Defendant(s)

)
)
)
)
)
)
)
)

Civil Case No.

CIVIL RIGHTS COMPLAINT PURSUANT TO
42 U.S.C. § 1983

1:13CV1381

(GLS/RFT)

---

Plaintiff(s) demand(s) a trial by: _X_ JURY   _____ COURT   (Select **only** one).

---

Plaintiff(s) in the above-captioned action, allege(s) as follows:

### JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

### PARTIES

2. Plaintiff: _Jeffrey M Rockefeller_

   Address: _32 Main St apt 1_

   _Cohoes NY 12047_

Additional Plaintiffs may be added on a separate sheet of paper.

3. a.   Defendant: _NYS Dept. of Corrections and Comm. Supervision_

   Official Position: _NY Prison System_

   Address: _1220 Washington ave. Bldg 2_

   _Albany NY 12212_

b.    Defendant:            _____

      Official Position:    _____

      Address:              _____

                            _____

                            _____


c.    Defendant:            _____

      Official Position:    _____

      Address:              _____

                            _____

                            _____

Additional Defendants may be added on a separate sheet of paper.

4.                              **FACTS**

      Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

On February 22, 2011, I was an inmate at the Attica Correctional facility located in Attica ny. On this date at 7:40 pm, I was in my Cell located on C-Block Cell # 15 on tier #36. On this date and time Sgt. Sean Warner whom was the Block Sgt./Supervisor, gave 2 officers authorization to go to my Cell and to plant a

weapon in my cell. I was told to exit my cell by officer Andrew Nohman and officer N. Klinko and was pat frisked. I was then locked in the shower while the search of my cell was being done. This is in violation of the NYCRR section unknown. I am allowed to observe the search of my cell. At this time a weapon was planted by officer Andrew Nohman. Sgt. Warner was notified and I was then escorted down to C-Block lobby where I was handcuffed and shackled and told to stand face in the corner and don't move. I was then assaulted by numerous officers whom punched me in my back 10-15 times and was also struck numerous times in my right leg. Also at this time an officer Summers, unknown first name reached between my legs and yanked very hard 2 times, my penis which as a result left bruises. I was denied medical attention and saw a doctor 2 days later on 2-24-11 whom documented the bruises on my penis. This document is enclosed. I asked for pictures to be taken of my penis but was denied. All this occurred because I filed a grievance against officer Matthew Rademacher. Sgt. Warner investigated my grievance and denied it. I then on February 19, 2011, wrote back a letter to

Sgt. Warren, and opposed his decision. A copy of that letter is enclosed.

I was then taken to SHU and spent 16 months in the box for the acts of Sgt. Warren and others. This was retaliation for me exercising my first Amendment right to petition the Government for the redress of my grievances. In the disciplinary hearing I told the hearing officer everything I stated in this Complaint. I also asked for a forensic analysis to be done on the weapon to prove that it was planted but was denied. Sgt. Warren and the 2 officers testified falsely at the hearing. I was then found guilty and given SHU time and 1 month loss of good time. As a result, all my good time was taken away and I had to max out on 12-14-12. The D.O.C. was negligent in not investigating my Complaint thoroughly and dismissed my Complaint. They were deliberately indifferent.

As a result of this deliberate indifference Sgt. Sean Warren and officer Matthew Rademacher were at it once again on August 9, 2011. They assaulted an inmate George Williams and 4 were indicted for Gang Assault 1st tampering with Physical Evidence official misconduct. Sgt. Warren was

indicted on two additional counts of offering
a false instrument for filing first degree
for allegedly preparing a use of force
report which falsified the details of the
cell block incident.

In my case, Sgt. Sean Warner did the
exact same thing. The newspaper articles
of these charges against the officers are
enclosed.

On January 10, 2013 shortly after my release,
I went out to the state police in Warsaw
and filed a criminal complaint against the
officers involved in my case, but the local
DAs office refuses to prosecute my case. I
have no obvious injuries, but psychologic-
ally am having a very hard time coping
with the fact that I was sexually assaulted
and knowing that these prison guards are
always believed and the fact that they can
assault inmates and then falsify records
and make up false reports to cover up their
assaults on inmates is very troubling and
that no one even believes the inmate, even
when he has evidence to prove his
claims like in my case. I ask for a trial
by jury and all filing fees be waived
do to my being indigent. I also ask for

an unspecified amount of damages.
Upon being transferred to SHU on 2-22-11
I requested for my legal paperwork that was
in my cell. All my legal paperwork was
thrown out. I filed a grievance and it was
denied.

Sincerly,

Jeffrey Rockefeller

Pro-Se.

Dated: 11-4-2013

5.                          CAUSES OF ACTION

Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

The Defendant(s) heretofore have a responsibility of its department to uphold its legal obligation to ensure the safety and security of the offenders in its custody. Its failure to have the weapon analyzed for Jamesico to prove that its officers planted it, held the Plaintiff to his warrant date and failed to hold its officers liable for their acts.

### SECOND CAUSE OF ACTION

Under the obligations of the department (Docs) they failed to do a thorough investigation into Plaintiffs complaint and failed to hold the officers accountable and made an arrest when such evidence was there to do so. The Dio report that there were bruises on Plaintiffs penis due to allegations of sexual assault and failed to do anything is deliberate indifference. As a result, Sgt. Wenger and Radamacher were indited in another case with similar circumstances.

### THIRD CAUSE OF ACTION

That heretofore Plaintiff, requests a jury trial and damages to be awarded and retained by the defendant without objection and that federal criminal charges be filed against the officers in the complaint. Therefore, Plaintiff demands judgement against the defendant(s) for the sum of 2 million dollars for the acts of the officers and the failure of the department to take proper action against its employees for their acts and for the unlawful imprisonment of the Plaintiff by the division of parole because of the acts of the departments employees.

6.    **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

Unspecified amount of damages and for federal criminal charges to filed against Sgt. Sean Warner, officers Radtmacher, Nolman, Blimke, etc.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 11-4-2013

_Jeffrey Rockefeller_

Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

SOCIAL SECURITY ADMINISTRATION

Date: November 4, 2013
Claim Number: XXX-XX-3421DI

JEFFREY M ROCKEFELLER
32 MAIN STREET
FL 1
COHOES NY 12047-3007

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

Information About Supplemental Security Income Payments

Beginning December 2013, the current
Supplemental Security Income payment is...............$ 314.70

This is after we have withheld 73.30 to recover an overpayment.

This payment amount may change from month to month if income or living situation changes.

Supplemental Security Income Payments are paid the month they are due. (For example, Supplemental Security Income Payments for March are paid in March.)

Date of Birth Information

The date of birth shown on our records is ████, 1968.

If You Have Any Questions

If you have any questions, you may call us at 1-800-772-1213, or call your local Social Security office at 866-770-2662. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
SUITE 101
500 FEDERAL ST
TROY, NY 12180

If you do call or visit an office, please have this letter with you. It will help us answer your questions.

OFFICE MANAGER

SOCIAL SECURITY ADMINISTRATION

Date: November 4, 2013
Claim Number: XXX-XX-8551C1


JEFFREY M ROCKEFELLER
32 MAIN ST
APT 1
COHOES NY 12047-3007


You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

Information About Current Social Security Benefits

Beginning December 2012, the full monthly
Social Security benefit before any deductions is......$ 365.70

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is........$ 365.00
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.


Date of Birth Information

The date of birth shown on our records is ███████ 1968.

If You Have Any Questions

    If you have any questions, you may call us at 1-800-772-1213, or call your local Social Security office at 866-770-2662. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
SUITE 101
500 FEDERAL ST
TROY, NY 12180

If you do call or visit an office, please have this letter with you. It will help us answer your questions.

OFFICE MANAGER

Brian Fischer,                          June 21, 2011

I am following up with you about my last
letter dated June 7, 2011 asking your office to have
the fingerprint and forensic test be done on the
weapon that was planted in my cell on 2-22-11
it either by my staff. The evidence will go in
my favor once it is complete because of the tape
that is wrapped around it according to the photo-
graph, this contains fingerprints and DNA which
will exonerate me and then my ACC I previously
completed on 1-20-11 will be reinstated and
my good-time credit will be restored since this
false weapon charge was the reason for the Time
Allowance committee taking all my good time in July.
I ask that you have this analysis be done

On this Weapon and see Complete and I am Asked

I ask that the officers involved be arrested and

Charged for their Crimes, one time being (L 2)15.

45 (1) Defendants are Sgt. Dean Wimer, Officer

Andrew Holman, Officer N. Klinke, Officer R.

Mombark for destroying my legal work and my

legal books and officer Commence the assault

which I have evidence in my medical file from

2-24-11 when I was examined by a doctor

in this file. Again I ask you to get the

testing be done on the Weapon. I also ask for a

response back once you receive my letter. Thank

You.

Sincerely

[illegible signature]

51A4177

Brian Fischer,                                        June 7 2011

I request that you review and reconsider my good time credit and to give it back to me on 2-28-11 I was the victim of a weapon being planted in my cell by staff at Attica CF. As a result I lost all my good time credit of 16 months. I ask for an investigation into this. I have physical evidence that can clear me of this weapon, fingerprints and forensic Since this is done I will prove that 1) this weapon is not mine; 2) the inmate owner who made the weapon this should be easy because according to the photo in evidence it has tape wrapped around it which means (fingerprints) 3) that it was already on file in the inmates disciplinary file; 4) that it was the [...] of an earlier search and was placed in the [...]

Land office and then was taken from there and planted in my cell for retaliation for writing grievances. Please charge my inmate account for the cost of these and use. Please send one letter to me. I have not written my expiration from Attica Officials. I need you to make the first decision. If you don't will be in the new in Attica on the Weapon they in prison trap because of some officers who went to Attica with me from Attica and because of their Criminal Conduct and hiding behind the uniform. I really need your help. Your office would not tolerate this kind of Behavior from its employees and I would like it if it is appropriate and in my case if it is appropriate considering the Physical evidence and what I went West. There should be Criminal Charges filed and

this testing gets done. This will be a disappointing day for the department but they should be held accountable for their actions just like we are held accountable for ours. They should not be able to hide behind the uniform. These guards who do these acts are a disgrace to all D O C's employees even the good officers. They tarnish the reputation of the good ones. Please grant my request for an investigation and have this analysis done. I need to get home to my family and this weapon that was planted in my cell stopped that. You I am going back wards. It retracts of 8-15-2011 by authorizing this finger print and forensic testing be done on this weapon. I don't know how to convince you but I know its going to come back the way I'm saying. I wrote to see

many agencies. I currently have an article + set of

[illegible] before I. On the calendar feb 6 2011

I would not be asking for this analysis if I was

guilty or if it was my weapon I would not incriminate

de myself This is a means to live or not to survive

as this analysis is used for both prosecuting and convict-

ing [illegible] I ask that you please withdraw this testing.

Otherwise if I have to stay in prison past my

appeal of 8-15 2011 I am really contemplating

suicide I can't be suppose of this if you understand

and concur on your heart please do the right

thing have this analysis done so I can live myself

and have my goodtime restored and go home to my

family. Otherwise, death is the only way out. Fellis

well

Sincerely

[illegible signature]

NORMAN P. EFFMAN
EXECUTIVE DIRECTOR

18 Linwood Avenue
Warsaw, New York 14569
(585) 786-8450

## WYOMING COUNTY-ATTICA LEGAL AID BUREAU, INC.

January 24, 2012

Jeffrey Rockefeller #09-A-4178
Auburn Correctional Facility
PO Box 618
Auburn, new York 13024

Re:  Wyoming County Index Nos. 21,085-11, 21,126-11 & 21,133-11

Dear Mr. Rockefeller:

I have received your letter dated January 20th. I cannot answer your question as to when Judge Dadd will decide your petitions; he decides cases on his own schedule. I will certainly let you know of his decision when we receive it here.

The Attorney General does not need to answer all three petitions, as they did not contest the merger of two of them. The Answer they filed for #21,126-11 was for both that petition and #21,085-11.

I do want to let you know, if you were not already aware, that Sgt. Sean Warner, along with three other Corrections Officers from Attica CF, was indicted by the Wyoming County Grand Jury in December on charges including Gang Assault 1st, Conspiracy 4th, Tampering with Physical Evidence and Official Misconduct. Sgt. Warner was additionally indicted on two counts of Offering a False Instrument for Filing 1st.

If you have any further questions, please do not hesitate to write me.

Very truly yours,

Adam W. Koch
Staff Attorney

**NORMAN P. EFFMAN**
**EXECUTIVE DIRECTOR**

18 Linwood Avenue
Warsaw, New York 14569
(585) 786-8450

## WYOMING COUNTY-ATTICA LEGAL AID BUREAU, INC.

February 1, 2012

Vincent A. Hemming
Assistant District Attorney
147 North Main Street
Warsaw, New York 14569

Re: <u>Jeffrey Rockefeller #09-A-4178</u>
Wyoming County Index No. 21,085-11

Dear Mr. Hemming:

I represent Jeffrey Rockefeller, who is currently incarcerated in Auburn Correctional Facility. Back in December of 2010, Mr. Rockefeller was incarcerated at Attica Correctional Facility where he states that a weapon was planted in his cell at the instigation of Sgt. Sean Warner, and that he was assaulted by several Corrections Officers during the search which turned up the planted weapon - including CO Matthew Rademacher, both of whom were recently indicted by the Wyoming County Grand Jury.

Mr. Rockefeller currently has several CPLR Article 78 Petitions before Judge Dadd regarding the incident, but he has requested that I contact your office to see if you would be willing to investigate the matter and have the weapon found in his cell analyzed for evidence that it was planted by CO Andrew Holman. Mr. Rockefeller would like to have any involved officers charged accordingly.

Enclosed please find a copy of a letter dated January 29, 2012 that Mr. Rockefeller sent my office outlining his requests.

If you have any questions or concerns, please do not hesitate to contact me.

Best regards,

Adam W. Koch
Staff Attorney

AWK/mc
Enc.
cc: Jeffrey Rockefeller #09-A-4178

UNUSUAL INCIDENT REPORT

ATTICA GENERAL            FAC CODE ████    FAC LOG# ████████   CCC# ████████

                                          CB LOG# ██████████

INCIDENT DATE   02/22/11   TIME 07:40 PM   LOCATION   CELL        OC 36 15S

TELEPHONE DATE   02/22/11   TIME 08:54 PM

     PERSON CALLING      LT    D. BORAWSKI
     PERSON RECEIVING    CAPT  E██ BELL

REPORT DATE      02/23/11     PERSON REPORTING   SUPER   MARK L. BRADT

     USE OF FORCE   NO      WEAPON USED   NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONTRABAND
WEAPON - SHANK           ██████████

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DESCRIPTION:

OFFICER HOLMAN CONDUCTED A CELL FRISK OF CELL C-35-15, WHICH IS ASSIGNED TO
INMATE ROCKEFELLER 09-A-4178.  DURING THE COURSE OF THE SEARCH, OFFICER
HOLMAN RECOVERED A FLAT METAL STOCK, FOLDED OVER ON ONE SIDE AND
SHARPENED.  THE WEAPON WAS INSIDE THE SPINE OF A BOOK LOCATED ON INMATE
ROCKEFELLER'S DESK.  THE WEAPON MEASURED 5" X 1/2" X 1/8".  INMATE
ROCKEFELLER WAS PRESENT IN THE GALLERY DURING THE FRISK.  THE SUSPICION
CELL FRISK WAS AUTHORIZED BY SERGEANT WARNER.  SERGEANT WARNER WAS
NOTIFIED.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EVENTS CAUSING:

SERGEANT WARNER IS INVESTIGATING.  INMATE ROCKEFELLER WAS ASKED ABOUT THE
WEAPON AND OFFERED NO COMMENT.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ACTION TAKEN:

THE WEAPON WAS LABELED, PHOTOGRAPHED, AND SECURED IN ACCORDANCE WITH
DIRECTIVE #4910A.  INMATE ROCKEFELLER WAS ESCORTED TO SHU CELL BE-15 BY

D-5

UNUSUAL INCIDENT REPORT

ATTICA GENERAL       FAC CODE ▓▓▓ FAC LOG# ▓    CCC# 2▓▓▓

                                 CB LOG# ▓

INCIDENT DATE   02/22/11   TIME 07:40 PM   LOCATION   CELL      OC 36 15S

    USE OF FORCE   NO     WEAPON USED   NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ACTION TAKEN:                  (CONTINUED)
   UNINVOLVED STAFF AND WILL REMAIN CONFINED PENDING DISCIPLINARY ACTION.
   A PHOTOGRAPH WAS TAKEN OF THE WEAPON.
   THE APPROPRIATE REPORTS WERE SUBMITTED.
   SUPERINTENDENT MARK L. BRADT WAS NOTIFIED.
   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEDICAL REPORT:

  N/A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROPERTY DAMAGE:

  N/A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTIFICATION (FAMILY):

  N/A

NOTIFICATION (POLICE/OTHER):

  N/A

O-6

UNUSUAL INCIDENT REPORT

```
ATTICA GENERAL              FAC CODE ▆▆▆ FAC LOG# ▆▆▆   CCC# 2▆▆▆
                                          CB LOG# ▆▆▆▆

   INCIDENT DATE  02/22/11  TIME 07:40 PM  LOCATION  CELL      OC 36 15S

        USE OF FORCE  NO      WEAPON USED  NO

   *************************************************************************

   *************************************************************************
                         INMATE INFORMATION:
   *************************************************************************

   ROCKEFELLER, JEFFREY M            09A4178  DOB ▆▆▆ 1968 ETHNIC - WHITE

        GEN INCIDENT - SPECIFIC INCIDENT   ROLE   WEAPON    FORCE    INJURY
        CONTRABAND   - WEAPON-SHANK        PERP


   *************************************************************************
                        EMPLOYEE INFORMATION:
   *************************************************************************

   HOLMAN, A▆▆▆▆▆                  CO

        GEN INCIDENT - SPECIFIC INCIDENT    FORCE       INJURY      DEGREE
        CONTRABAND   - WEAPON-SHANK
   *************************************************************************

   WARNER, ▆▆▆▆▆                   SGT

        GEN INCIDENT - SPECIFIC INCIDENT    FORCE       INJURY      DEGREE
        CONTRABAND  - WEAPON-SHANK
   *************************************************************************
                        CONTRABAND INFORMATION:         CB LOG# ▆▆▆▆
   *************************************************************************
   CB DATE 02/22/2011 07:40PM   LOCATION CELL        OC 36 15S
   ITEM 001 WEAPON-SHANK     METAL        NUMBER OF ITEMS  1
   RECOVERED BY: CO     HOLMAN, A▆▆▆▆▆
   RECOVERED FROM: INMATE 09A4178 ROCKEFELLER, JEFFREY M
   DESCRIPTION:
   1 PIECE OF FLAT METAL STOCK, FOLDED OVER AND SHARPENED ON ONE END. 5" X
   1/2" X 1/8" INSIDE THE SPINE OF A BOOK ON INMATES CELL SHELF.

   *************************************************************************
```

D-7

UNUSUAL INCIDENT REPORT

ATTICA GENERAL          FAC CODE ████    FAC LOG# ████    CCC# 2████

                                        CB LOG# ████

INCIDENT DATE   02/22/11   TIME 07:40 PM   LOCATION   CELL          OC 36 15S

        USE OF FORCE   NO      WEAPON USED   NO

**********************************************************************************

_____          2/25 (1)
SUPERINTENDENT'S SIGNATURE                  DATE

0-8

Side 1

_Attica_ _____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Rockefeller | 09A4178 | 36-15 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| C-Block 36-15 | 2-22-11 | Approx 7⁴⁰pm |

**3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES**

113.10 - Weapon

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

On the above date and time, I, C.O. A Holman performed a cell frisk of 36-15 housing inmate Rockefeller 09A4178. This was a suspicion frisk authorized by Sgt. Warner. During the frisk, I, located a personally owned book on the inmates desk. During a search of the binding I found a flat metal weapon. I, then notified Sgt. Warner of this. The inmate was then asked about the weapon and refused to comment. Then inmate Rockefeller was escorted to SHU by uninvolved staff without incident.

I then took the weapon and marked it, and secured it in accordance with directive 4910A. The book that the weapon was found in was tagged and placed in the facility contraband office.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 2-22-11 | A. Holman | A.H. | C-O. |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)    SIGNATURES:**

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)    FIRMAS:   1. _N KLIMKO, C.O._

2. _Steven Weiss, Sgt_    3. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

| 6. WERE OTHER INMATES INVOLVED? | YES ☐ | NO ☑ | IF YES, GIVE NAME & # ___ |
|---|---|---|---|
| ¿HUBO OTROS RECLUSOS ENVUELTOS? | SÍ ☐ | NO ☐ | DE SER SÍ DE LOS NOMBRES Y DIN ___ |

**7. AT THE TIME OF THIS INCIDENT, WAS INMATE UNDER PRIOR CONFINEMENT/RESTRICTION?** YES ☐ NO ☑

¿ESTUVO EL RECLUSO CONFINADO/RESTRINGIDO PREVIO AL INCIDENTE? SÍ ☐ NO ☐   OR ♦ O

AS A RESULT OF THIS INCIDENT, WAS INMATE CONFINED/RESTRICTED? YES ☑ NO ☐

¿SE CONFINÓ/RESTRINGIÓ AL RECLUSO COMO RESUTADO DE ESTE INCIDENTE? SÍ ☐ NO ☐

**8. WAS INMATE MOVED TO ANOTHER HOUSING UNIT?** YES ☑ NO ☐

¿MUDARON AL RECLUSO A OTRA UNIDAD DE VIVIENDA? SÍ ☐ NO ☐

| IF YES, (a) CURRENT HOUSING UNIT | BE-15 | (b) AUTHORIZED BY | Borawski |
|---|---|---|---|
| DER SER SÍ, (a) UNIDAD DE VIVIENDA ACTUAL | | (b) AUTORIZADO POR | |

**9. WAS PHYSICAL FORCE USED?** YES ☐ NO ☑ (IF YES, FILE FORM 2104) ___

¿SE USÓ FUERZA FISICA? SÍ ☐ NO ☐ (DER SER SÍ, SOMETA EL FORMULARIO No. 2104) ___

AREA SUPERVISOR ENDORSEMENT ___

ENDOSO DEL SUPERVISOR DEL ÁREA ___   H-1

**Distribution:** WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ **Distribución:** BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (despues de la resión)

APPENDIX "D"

# ATTICA CORRECTIONAL FACILITY
## WEAPON RECOVERY: U.I. DATA SHEET

Page 13 of 13   #3.125

DATE WEAPON WAS FOUND: February 22, 2011    TIME WEAPON WAS FOUND: 7:40 p.m.

Exact Location Where Weapon Was Recovered: (Which pocket, shoe, inside mattress, etc.? If found on person of inmate include location of incident)

In the binding of a personally owned book which was located in C-36/15 which housed inmate Rockefeller 09a4178.

DESCRIPTION OF WEAPON:

LENGTH: 5"    WIDTH: ½"

IS THE WEAPON:    FLAT: X    Thickness/Diameter: 1/8" thick

ROUND:

(Describe handle, lanyard, sheath, material, etc.):
The weapon was flat metal sharpened to a point at one end. There was no sheath or lanyard.

INMATES NAME: Rockefeller    #: 09a4178    LOC: C-36/15

Was This A Cell Frisk: Yes X    No

If Cell Frisk, Where Was Inmate During Frisk?    Across from cell C-36/15

Officers Name: A. Holman
Statement Of Inmate: The inmate had no comment.

If found on an inmate's person or if weapon is attributable to an inmate: 2 photocopies will be taken (1 will go with the misbehavior report and 1 with the U.I. to the watch commander).

Report should state: "Weapon was, marked, photocopied, and placed in the Captain's Evidence Locker." The evidence tag, chain of custody is to begin with the name of the employee that recovered the weapon. If the weapon cannot be attributed to a specific inmate it is not a U.I. Notify the chart office for inclusion in the Watch Commander's log and turn the weapon into the arsenal for disposal. No photocopies are necessary.

SUPERVISING SERGEANT'S NAME: _S. Warner_
Rev. 11/30/01   UI-DATA-DGB

A-2,

# ATTICA CORRECTIONAL FACILITY

## CASE DATA WORK SHEET

TIER **III**

Confined on this Report: Yes ✓  No _____  Prev. _____

Date of Incident: _2-22-11_

Date of Report: _2-22-11_

Ret. f/OBSN/ECMC/OTC/
Special Watch: _____

Report Written By: CO Holman

Assistance Needed: Yes ✓  No _____

Time Extension Number: _____

Inmate Number: 09A4178  Name: Rockefeller J  Cell: B2-15

Date Served: Feb. 23, 2011  Time: 9:18 Am  Officer: S. Lu  C.O.

Case Must Be Heard After:  Date: 2-24-11  Time: 11:00am

Case Must Be Heard On or Before (Start within 7 days):  Date: 2-28-11 MON

(Complete within 14 days):  Date: 3-7-11 MON

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case must be heard within seven (7) days if inmate is confined and must be given the opportunity to select and use the services of an assistant.  If the inmate is released from confinement prior to the seven (7) day limitation, inmate must have at least twenty-four (24) hours to prepare a defense.  If the inmate is not confined, case must be heard within fourteen (14) days of the date of the report. Extension may be granted by request to Department Counsel and approved by Commission.

WITNESSES:  Name (inmates and/or employees)

1) _NONE_

2) _____

3) _____

4) _____

5) _____

ASSISTANT: T. Judasz / G. McLaughlin / C. Dye



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y. 12226-2050

**BRIAN FISCHER**
COMMISSIONER

**JOSEPH F. BELLNIER**
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

November 17, 2011

Mr. Jeffrey Rockefeller
#09-A-4178
Auburn Correctional Facility
135 State Street
Auburn, New York 13021-1800

Dear Mr. Rockefeller:

Commissioner Fischer has asked me to respond to your letter to him alleging staff misconduct at Attica Correctional Facility.

A copy of your letter was sent to facility officials for investigation. The investigation included an interview with you, identified staff and a review of facility records. During your interview, you reiterated your complaint and did not provide any witnesses or evidence to support your allegations.

Available records indicate that on February 22, 2011, the staff member identified in your letter issued a misbehavior report to you. At the subsequent Superintendent's Hearing completed on March 3, 2011, you were found guilty of possessing a weapon. You appealed this decision on April 28, 2011, the Director of Special Housing/Inmate Disciplinary Programs affirmed this decision. You may write to the Director of Special Housing/Inmate Disciplinary Programs requesting reconsideration.

After a review of the information contained in this investigation, facility officials report that your allegations of staff misconduct are unsubstantiated.

If you have further questions regarding this matter, please direct them to facility officials.

Sincerely,

Joseph F. Bellnier
Deputy Commissioner

cc:   Superintendent Graham, Auburn Correctional Facility
      Superintendent Bradt, Attica Correctional Facility
      Central Files



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y.  12226-2050

**BRIAN FISCHER**
COMMISSIONER

**LUCIEN J. LECLAIRE, JR.**
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

June 27, 2011

Mr. Jeffrey Rockefeller
#09-A-4178
Southport Correctional Facility
236 Bob Masia Drive
P.O. Box 2000
Pine City, NY 14871-2000

Dear Mr. Rockefeller:

Commissioner Fischer has asked me to respond to your letter to him regarding your letter requesting reconsideration of your Superintendent's Hearing of March 3, 2011, conducted at Attica Correctional Facility.

As previously advised, this matter is currently the subject of litigation; no reconsideration will be afforded at this time.

I encourage you to continue to maintain positive behavior to expedite your release from confinement.

Sincerely,

Lucien J. Leclaire, Jr.
Deputy Commissioner

cc:   Acting Superintendent Sheahan, Southport Correctional Facility
      Central Files



STATE OF NEW YORK

## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y.  12226-2050

**BRIAN FISCHER**
COMMISSIONER

**LUCIEN J. LECLAIRE, JR.**
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

June 15, 2011

Mr. Jeffrey Rockefeller
#09-A-4178
Southport Correctional Facility
236 Bob Masia Drive
P.O. Box 2000
Pine City, NY 14871-2000

Dear Mr. Rockefeller:

Commissioner Fischer has asked me to respond to your letter to him regarding your letter requesting reconsideration of your Superintendent's Hearing of March 3, 2011, conducted at Attica Correctional Facility.

Since this matter is currently the subject of litigation, no reconsideration will be afforded at this time.

I encourage you to continue to maintain positive behavior to expedite your release from confinement.

Sincerely,

Lucien J. Leclaire, Jr.
Deputy Commissioner

cc:   Acting Superintendent Sheahan, Southport Correctional Facility
Central Files

# ATTICA CORRECTIONAL FACILITY
## Office of the Inmate Records Coordinator

### <u>MEMORANDUM</u>

**TO:**     Jeffrey Rockefeller 09A4178 AUBURN CF

**FROM:**   Sandra Prusak, IRC II

**DATE:**   January 24, 2012

**RE:**     FOIL

*****************************************************************************

    I am in receipt of your request for a copy of a grievance.  You will need to give the specific grievance number that you are requesting.   That is the only way that it can be researched and your request be granted.

    If you disagree with this decision, you must write to Counsel's Office, 1220 Washington Ave., Albany, NY 12226.

SP: lp
cc: File

*Wrote back and told her I don't have a grievance # and advised her that it is the only grievance I filed in January 2011 and that it should not be hard to find. Sent this out 2-1-12. Also wrote to Counsels office without response or results.*

STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
ATTICA CORRECTIONAL FACILITY
MEMORANDUM

## TIME ALLOWANCE COMMITTEE – FORMAL NOTICE
## PURSUANT TO TITLE VII, CHAPTER 5, SECTION 261.4 OF NYCRR

TO:          Jeffrey Rochefeller          09A4178          BE/15

You are hereby notified that the Time Allowance Committee has directed that a Formal Notice be filed and delivered to you to be considered and determined at a Time Allowance Committee Hearing on April 12, 2011, for a hearing regarding the following conduct and that there may be sufficient reason not to recommend the granting of the total Good Time Allowance authorized you.

You have not addressed the required therapeutic counseling program for anger and violence that has been offered to you due to the nature of your crime and your misbehavior report(s) with violent conduct.  The ART program must be completed successfully.

Your program assignment participation indicates that you have failed to cooperate and participate with facility procedures and programs.

You are further notified that _____ has been designated to furnish assistance to you in this matter.

Date notice delivered to inmate: _____ APR 0 4 2011  APR 05 2011
Time of day: __10 ᵒ⁷____ (AM/PM

Signature & Title of Person Preparing Notice: _____

Charges delivered by: _____

Inmate's Signature and DIN: X _____ 09A4178

c.  Original – Inmate
     Copy – Inmate Record File



FOFM 2189   STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   04/04/11
REV. 10/01         REPORT OF TIME ALLOWANCE COMMITTEE REVIEW       SRCL035

1.  FACILITY  ATTICA               CONSIDERATION DATE   04/2011 INIT

2.  INMATE  ROCKEFELLER, JEFFREY M          DIN  09A4178

3.  CR DATE  08/15/2011     ME DATE  12/15/2012

4.  TOTAL GOOD TIME AVAILABLE....................................... 001-04-00

5A. TIME TENTATIVELY LOST IN TIER III HEARINGS.................... 00-07-000
        AMOUNT 02-000  DATE 06/08/2010    AMOUNT 04-000  DATE 06/15/2010
        AMOUNT 01-000  DATE 02/22/2011

5B. TIME TENTATIVELY LOST IN TIER III HEARINGS
        PRIOR TO COMPUTERIZATION................................... 0-0-0

5C. TIME TENTATIVELY LOST AT OCFS(OFFICE CHILD/FAM SVCS)........... 0-0-0

5D. TOTAL TENTATIVELY LOST GOOD TIME............................... 0-7-0

6.  RESTORATION OF TENTATIVELY LOST GOOD TIME...................... 0-0-0

    REASONS _____
            _____
            _____

7.  LOST GOOD TIME - TAC HEARING(IF APPLICABLE)
        (DIRECTIVE 4932 SEC. 261.4)................................ 0-9-0

8.  TOTAL GOOD TIME WITHHELD(IF APPLICABLE)........................ 1-4-0

9.  ALLOWANCE RECOMMENDED(LINE 4 MINUS LINE 8).................... 0-0-0

    REASONS   Due to the serious nature of the misbehavior history, along with
    the need for the inmate to complete the A.R.T. program, TAC recommends loss
    of all good time. Can ask for reconsideration when A.R.T. is completed.
                    CR 12/15/2012 w/LI (ME)

10. RECONSIDERATION DATE, IF ESTABLISHED.......................... None

    _____   _ADSS_____   _4/13/11_
        SIGNATURE OF CHAIRMAN                 TITLE        DATE

11. SUPERINTENDENT'S ACTION

    CONFIRM RECOMMENDATION _✓_   OTHER DETERMINATION ___   SPECIFY _____

    _____          _____
            SUPERINTENDENT                        DATE

12. COMMISSIONER'S DECISION

    AFFIRMED _____   MODIFIED _____   DATE _____

    COMMENTS _____

NOTICE TO INMATE: PURSUANT TO 7 NYCRR, CHAPTER V, PART 262 ALL TIME ALLOW-
ANCE DECISIONS ARE REVIEWED AUTOMATICALLY BY THE COMMISSIONER OR HIS DESIG-
NEE.  THE DECISION OF THE COMMISSIONER OR HIS DESIGNEE IS FINAL.  YOU MAY
REQUEST RECONSIDERATION OF ANY DECISION TO WITHHOLD GOOD TIME BY WRITING
TO THE FACILITY TIME ALLOWANCE COMMITTEE CHAIRMAN.
DISTRIBUTION: CENTRAL OFFICE, GUIDANCE UNIT, INMATE, PAROLE OFFICE, FAC FILE

```
05/04/11   SRCL009   RECEPTION/CLASSIFICATION SYSTEM  *RCLASS*      PAGE  001
13:28:42              LEGAL DATE COMPUTATION         COMP DATE: 05/04/2011
                                                     BY: C000WJM

             TYPE 91 (LOST GOOD TIME ADJUSTMENT                )

   DIN: 09A4178  NAME: ROCKEFELLER, JEFFREY M        NYSID:  05978537M

   CURRENT LOCATION: ATTICA GEN   - RB-CE-006

DATE RECEIVED           2009 08 17
MINIMUM TERM            001 04 00   TIME TO SERVE (MINIMUM)     000 07 29
MAXIMUM TERM            004 00 00   TIME TO SERVE (MAXIMUM)     003 03 29
JAIL TIME (DAYS)             0241   TIME OWED (MINIMUM)
DATE SENTENCED                     TIME OWED (MAXIMUM)
ORIG. MAX. EXP. DATE               PAROLE JAIL TIME (DAYS)
DATE DECLARED DELINQUENT           NET TIME OWED
DATE RETURNED                      LIMITED CREDIT TIME POSSIBLE
ORIG. DATE RECEIVED                SUPPLEMENTAL MERIT TIME POSS.
DATE RELEASED                      MERIT TIME POSSIBLE          00 02 21
DATE FAILED TO RETURN              GOOD TIME ADJUSTMENT         01 04 00
DATE ESCAPED                       GOOD TIME POSSIBLE          000 00 00
ORIG. PAR. ELIG. DATE              LIMITED CREDIT TIME DATE
OTHER STATE SENT. DATE             SUPPLEMENTAL MERIT ELIG DT
DATE DISCHARGED                    MERIT ELIGIBILITY DATE      2010 01 24
DATE REAFFIRMED                    PAROLE ELIGIBILITY DATE     2010 04 15
PRIOR TIME CREDIT                  PAROLE HEARING DATE/TYPE    2011 12  REAP
MEPS                               TENTATIVE RELEASE DATE
PAROLE BOARD DISCHARGE             MAXIMUM EXPIRATION DATE     2012 12 15
PRS          PRS ME                CONDITIONAL RELEASE DATE    2012 12 15
                                   T.A.C. DATE/TYPE            9999 99  FMAX

   REMARKS: ADDIT JTC FOR 5 DAYS;4/11-TAC

DIST:  IRC (1), GUID & COUNS UNIT (1), INST PAROLE  (1), INMATE (1)
```

# ATTICA CORRECTIONAL FACILITY
## Office of the Superintendent
### *Memorandum*

TO: _J Rochefeller_____ _09A4178_____ _BE·15_
                         NAME                      DIN          CELL

FROM: Mark L. Bradt, Superintendent _(signature)_

DATE: _3/30/11_____

SUBJECT: Inmate Note Dated _3/29/11_____ Received on _3/30/11_____

_____ Your complaint has been received. The Inmate Grievance Program (per Directive 4040) handles allegations of harassment or unlawful discrimination, therefore, your letter is being forwarded to the Inmate Grievance Office for processing.

___✓___ I am investigating your letter and as soon as I have sufficient information, I will reply.

_____ Your letter has been referred to the below-named person. Any further correspondence on this matter should be referred to this person.

_____ Your grievance/letter has been referred to the below-named person. Any further correspondence on this matter should be referred to this person.

_____ Your time cut request has been referred to the Deputy Superintendent for Security for response.

_____ Your marriage request has been referred to the Deputy Superintendent for Programs for processing and response.

MLB/seo

cc: _DSS Chappius_____
      file

# Attica Correctional Facility
Office of Deputy Superintendent for Security

## *M E M O R A N D U M*

TO:      Jeffrey Rockefeller      09-A-4178      BE-15

FROM:    Paul Chappius, Jr., Deputy Superintendent for Security

DATE:    April 1, 2011

SUBJECT:    Letter dated 3-29-11

Your letter addressed to Superintendent Bradt was referred to me for response to you.

We are not pressing outside charges so your request to have the weapon "analyzed" is denied.  Your request to open your sealed property is also denied.

PC/lb

Cc:   Superintendent Bradt
      File

**Subjective:** I have injuries to my PENIS. I forgot To Tell THE Nurse on MY ADMISSION.

Last Name ROCKEFELLER

DIN 09A4178     Location BE 15

Date 2/24/11     Time ~~Amex~~

**Objective:** I/m STATES He Must BE EXAMINED.

Provider Orders:

**Assessment:** Nurse ADMINISTRATOR Notified.

**Plan:** I/m To Be SEEN IN E.R. ASAP.
Area Sgt Notified.

Signature/Provider # _____ 284 _____   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** alleges several assault by staff. MHU Notified, Sgt Bartlett notified. Dr. Rao in to eval pt.

Last Name Rockefeller

DIN 09A0178     Location BE15

Date 2/24/11     Time _____

**Objective:** States that an officer pulled pt's penis x2 during frisking. 2/24/11

Provider Orders:
-) Reassured
- UA dipstix     WBC (+)
                 Nit (+)

**Assessment:** Denies Hematuria / Dysuria.

**Plan:** R linear excoriation lesion on ant post aspect of Penis otherwise exam is unchanged.

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

Brian Fischer                    March 15, 2011

I am requesting a finger print check and forensic test be done on this weapon. This weapon was planted in my cell by staff on 2-22-11 for retaliation purposes. My whole room is sensed. I told the hearing officer he denied my request for this evidence and the administrative personnel is being very uncooperative. Please I have a CR date of (8-15-2011). I can't afford this to hold me back. Please grant my request for this test, charge my account if you choose to. I also contacted the Wyoming Co. D.A.'s office, State police in between Mid Albany at Bldg 22 in the Campus D.A. and the local newspapers and Prisoners rights agencies etc. I need this test done so I can be cleared and go home in 8-15-11. Please help me. Thank you.

                                    Sincerely,
                                    Jeff Rockefeller
                                    02A4174

Brian Fischer,                                     March 28, 2011

I was the victim of a weapon being planted in my cell by staff on 2-22-11. I told the hearing officer that I needed a fingerprint check and forensics done on this weapon to prove that it is not mine. I also want to establish once this testing is done that the owner of the weapon who made it that it was a product of an earlier search and that this weapon was on file in this inmates disciplinary file and the weapon was stored in the contraband office before it made its way over to my cell. I have a CR date of 8-15-11. I can't appeal this false weapon charge to beat my CR date. Please have this weapon analyzed for me so I can prove my innocents. I will even pay for the test. Send me the proper paper work to change my account. I am not getting any cooperation here at Attica so I have to proceed up the ladder. Please let me know ASAP. Thank you.

Sincerly,

Jeff Rochefelela
09A4178

Brian Fischer,                                        April 2, 2011

Please, Mr. Fischer have you received my first
2 letters asking for a print and forensic test to be
done on this weapon that was planted in my
Cell on 2-22-11. It is urgent that I have this
test done. I have a TAC comming up this
month and I dont want my good time taken
away as a result of this weapon being planted
in my cell by staff. I have evidence. I just need
Cooperation from your office. If this does not get
done there is a very high risk of good time being
taken away. Please if you are a man of justice
have this done. Thank you.

                                        Sincerly,
                                        Jeff Nechipell
                                        09A4178

Sgt. Warner,                                    February 19, 2011

I received the disposition about my complaint and you say that there is no merit to it. Well, if you would have done a thorough investigation you would have come to a different decision. We have been denied our basic rights around here such as Chow Showers etc... On 12-28-10 15-25 cells on 35 & 36 companies are denied to take the last (3-11 shift) and on 1-4-11 the whole 36 company is denied the last (3-11 shift). If your investigation was thorough then how did you miss reviewing the sheets (lists) from those dates? I can't prove being smacked up side my head but I can prove our rights being violated as far as our basic necessities being taken from us. Have your officers explain their conduct

As to this and do the job you are paid to do. You are a Supervisor and supervisors are suspased to supervise, discipline and keep their subordinates in line and keep the inmates safe and everyone safe. You are covering up their conduct and turning a blind eye. You need to be demoted to an officer position cause you don't know how to do your job. Do your job. Your in violation of sed. 137 of the Corretion Law sub. 3 and 5. Read it retard! And get back to me with a job well done instead of not done or half assed too. Good day.

Sincerly
J. Rutigliano
09A4478
C-36-75

Superintendent Bradt,                          April 11, 2011

I am Complaining About Officer A. Mackiewicz. On 4-3-11 About 7:10 am on R.B. east gallery. Officer Mackiewicz was passing out hot water, when he got to my Cell he puts very little in my bucket. I then said to him "I need more, you did not put enough in." He ignores me totally. I then call him a "fat fuck". I then attempt to fish up my bucket with my fingers which were still soapy from washing out a pair of boxers just let be left my cell. As I'm fishing it up to attempt to bring it over to my sink to fill it up it slips from my fingers and spins all over my self and the gallery. Officer Mackiewicz is having a field day. He comes out as other staff seeing this water out into the gallery. He then says "I wish it could have gotten through you. I said "Why so you can get me on assault charges? I am then moved to C6-6 Sh-21 after The Rules will conduct everything in his misbehavior report. I wish that once this is reviewed Officer Mackiewicz be terminated for filing a false misbehavior report And possibly charged criminally.

His Version of events are as follows: On the above time and date while handing out hot water on the east gallery I Officer A. Mackiewicz says inmate Rockefeller 04AT1178 B6 15 Cell his full allotment of water. He says to me "I want more" I informed Rockefeller you received your allotted amount. As I was filling the bucket in East 16 Cell Rockefeller stated "you fat fuck" and threw his hot water on the gallery. I continued the hot

Water round without incident. The Video will show that I said to him "I need more, you did not put enough in". Not, "I want more. It will also show that he never said a word to me when I asked him for more. In his statement saying he informed me that I received my "total amount" is a lie. Video will prove this. Video will also show that he was in front of 13 or 17 cell and there was no way he witnessed the circumstances as to how the water got on the floor (accident or intentional). He speculated as to how this incident occurred or just lied. But without him actually observing the circumstances this misbehavior report does not constitute substantial evidence. Court of appeals has decided that a misbehavior report written by someone who saw the incident can constitute substantial evidence. Here, he never saw the circumstances and therefore these charges must me expunged and Officer MacKeewin disciplined for writing a false misbehavior report. In order neither to the harassment of him or calling me a liar with perjury. I ask for Officer MacKeewin to be disciplined no better, not liked. This is unjustifiable conduct. Dad knows I have many other Violations I came across MacKeewin but had no evidence to show for it. I have suffered emotional distress, fear, and sleepless nights. Violation must be taken.

Sincerely,
Jeff Rockefeller
03A4178
Inmate Petitioner

50

Superintendant Bradd,                    July 8, 2011

I am enclosing a copy of the package room record from Dawnstate Correctional facility which now proves that I received that other legal book the Gilberts 2007 Criminal Practice Annual. I just received this document which is the same document I requested from INC Pursall since February 2011 after officer B. Wemheok stole my 2 legal books and said they were state property when in fact they were not. My claim was denied by Christine Parmenter because she said I have no evidence I possessed these books. I prove one book already with a sales receipt from the Publisher which they sent me on 3-22-11.

I am still waiting on the other Publisher for a Couple receipts (hopie-Nopie). I believe this sales receipt of the J L M And this package room record from Downstate is Proof enough. I now request that you reverse Christine Parmenter's decision And reimburse me for these 2 books. My Claim was also interfered with by Dandra Prused not giving me this package room record from Downstate and telling me it did not exist. I believe this was an intentional act because if this was the case how is it that the J. R. C. at South Port obtained these records for me which were in my file? I was delayed by this witholding of these records. I wish that my Claim be granted and processed

immediately without delay for the full purchase price of the Jailhouse Lawyer's manual for $30. And the Gilberts for $100.or $150. Whichever one I stated. I am enclosing the following documents:

1. Downstate CF package room record;

2. A memo from Columbia Deeman Rights Law Review from 3-22-11. Note: The date on the sales receipt (3-22-11) is <u>not</u> date of purchase it's the date they sent it to me at my request.

3. memo from Miss Parmenter dated 3-18-2011

4. Copy of I-64: one when I arrived to Attica dated 9-1-10 and the second dated 2-26-11 Which shows that I am left with one book when I came to Attica I had 7 books total

2 of them were legal. I request again for my Claim to be granted and processed immediately. And officer B. Hembrook brought up on Criminal charges for Criminal mischief 3rd degree for destroying my legal work and for stealing my 2 legal books and a Couple others. I'm only left with one book when I should have 3. I now have proved my Claim after all this time and the unnecessary delay caused by Sandra Prusak by denying me these documents. Thank you.

Sincerly
Jeff Nicholson
09A4078
Southport CF
Box 2000
Pine City NY 14871
(2000)

SUPPORTING DEPOSITION (CPL 100.20)

STATE OF NEW YORK
JUSTICE COURT

COUNTY OF WYOMING
TOWN OF WARSAW

NEW YORK STATE POLICE

COUNTY OF WYOMING
TOWN OF ATTICA

SUPPORTING DEPOSITION

On January 10, 2013 at 11:10 AM I, Jeffrey M. Rockefeller, ███/68, residing at Columbia Garden Apartments, Cohoes NY state the following:

I was released from prison on December 14, 2012. While I was incarcerated I did some of my time in Attica and while I was there I was beaten and sexually assaulted. I was brought to Attica on 9/3/10 and on 11/10/10 I was assigned to live in C-36-15. On 12/28/10 Officer Keith Swack took privileges away from cells 16 through 25 on 35 and 36 company, and again on 1/3/11 Officer Swack told us he was going to take our privileges away on 1/4/11 by telling the officer who is working on 1/4/11 to do so. Swack was mad because inmates were talking to each other and passing things to each other. On 1/4/11 we did get denied privileges again which includes no chow or recreation etc. I became upset and wrote a grievance against Swack for violating correction law on more than one occasion for being denied food etc... Sergeant Warner investigated my grievance and denied it. I wrote Sergeant back on 2/19/11 and expressed my displeasure with his decision and I also stated that he should be demoted. On 2/22/11 I went to the mess hall for breakfast and I went to leave with some toast and Officer R. Weiss told me to dispose of it and I gave him a dirty look because I am allowed to take it to my cell. I disposed of the toast and then I got in line to go back to my cell, I was pulled out of line and then put up against the wall. I was pat frisked and told to go back to my cell, when I proceeded to go back to my cell I entered the stairwell by myself and two unknown officers began punch me in the gut and smacked my in the head. After they were done beating me I went back to my cell. Around lunch time I came out of my cell. I was told by the door officer E. Houlahan to step to the side, he told me to go back to my cell for no reason. I looked at his name tag and said I am writing you up, he said don't look at my nametag fuck face and I said fuck you. I went to my cell and I did not come out for evening chow. At 7:40 PM Officer Andrew Holman and Officer N. Klimko approached me and said that Sergeant Warner authorized a cell frisk. They advised me to step out of my cell and put my hands on the wall to be frisked, I was frisked and then locked in the shower. Andrew Holman came out of my cell and alerted Sergeant Warner that he found a weapon in my cell, he asked me if I knew anything about it and I said you planted it. Sergeant Warner asked me about the weapon and I said I know nothing about it and the Officer planted it. I was then cuffed from behind and then brought to the lobby. Once in the lobby I was advised by Sergeant Warner to stand facing the corner and not to move, I was then punched 10 to 15 times by unknown officers with closed fists in my back. I then observed Officer Summers touching me inappropriately with his baton in the center on my buttocks. Officer Summers reached between my legs grabbed my penis and yanked on it really hard two times, which left abrasions on it. I was given a lecture by Sergeant Warner that I need to stop writing grievances or this is going to keep happening. I was then escorted to SHU. I was then stripped frisked and the nurse was called Ms. Wassink. The Nurse examined me and asked about my injuries and I told her I was punched and was being touched inappropriately with a baton. I did not tell her about the sexual abuse because I was in fear for my life. The nurse asked my If I wanted a rectal exam I said no, I was not sodomized. She told me that I had to sign a refusal from which I did. I am then taken to my SHU Cell BE-15, 20 minutes later the nurse came back with two unknown officers and then told me to drop my pants and bend and spread em. I refused and then she threatened me that if I do not comply that she would take me to another room where the two officers would pry open my rectum for her to observe. I then said your bluffing, she then ordered an officer to open my cell to take me to a room, my cell opened, I then feared being sexually assaulted and abused again, I said I am lying to call them off because I was afraid of being sexually assaulted again, they all walked away. On 2/23/11 I alerted an unknown officer that I needed

Four prison guards charged in attack on Attica inmate - The Daily News Online: News
Case 1:13-cv-01381-GLS-RFT Document 1 Filed 11/06/13 Page 50 of 54
Page 1 of 3

# Four prison guards charged in attack on Attica inmate

By Paul Mrozek pmrozek@batavianews.com | Posted: Wednesday, December 14, 2011 12:00 am

WARSAW — Four state corrections officers who work at Attica Prison were indicted Tuesday on gang assault charges, for an alleged violent attack of an inmate, Wyoming County District Attorney Donald O'Geen announced in a news release.

Keith Swack, 37, of Corfu; Sean Warner, 37, of Belfast; Matthew Rademacher, 29, of Wyoming and Erik Hibsch, 28, of Gainesville, were charged with first-degree gang assault, fourth-degree conspiracy, tampering with physical evidence and official misconduct.

The charges stem from an incident that occurred Aug. 9, 2011, inside Attica Correctional Facility. Swack, Warner, Rademacher and Hibsch allegedly conspired to assault an inmate in Cell Block C and that following the violent attack, the four prison employees prepared false physical evidence, according to O'Geen's news release and the indictment.

Warner was also charged with two counts of first-degree offering a false instrument for filing, for allegedly submitting incorrect information to the department of corrections.

Warner is a sergeant at Attica. The other three suspects are guards.

Indictments against the four men were unsealed Tuesday morning in Wyoming County Court. The defendants appeared with their attorneys and pleaded not guilty to the charges in front of Wyoming County Judge Michael F. Griffith.

The courtroom was filled with family and supporters of the four officers.

The most serious count the defendants face is gang assault, a Class B violent felony. A conviction carries a minimum prison term of 8 1/3 years and a maximum of 25 years.

The inmate who is the alleged victim in the case was identified as George Williams, 29. He suffered severe injuries but they were not life-threatening. Williams, who had a broken collarbone, two broken legs and other injuries, was transported to Wyoming County Community Hospital in Warsaw.

Williams was convicted of larceny for stealing jewelry from two Manhattan stores in 2008 and 2009. He was serving a sentence of two to four years.

The inmate was transferred to Erie County Medical Center in Buffalo, where he underwent surgery. The inmate is still recovering from the injuries.

Four prison guards charged on 38 counts - RFTa inmate... the Daily News Online. News    Page 2 of 3

Case 1:13-cv-00838-GLS-RFT    Document 1    Filed 11/06/13    Page 51 of 54

The less serious charges in the indictment include two Class E felonies, for the conspiracy and evidence tampering counts, and a Class A misdemeanor, for the official misconduct count.

The judge set bail for each defendant at $25,000. A bail bondsman appeared in court and posted bond for all four men.

The prosecution asked for $50,000 bail for each but the judge denied the request. The defendants were aware of the pending charges and have ties to the community, the defense attorneys argued.

The suspects voluntarily surrendered to authorities Tuesday for processing on the criminal charges before being released.

Arguing of legal motions in the four cases is slated for 9:30 a.m. Feb. 7.

Norman Effman, the attorney for Rademacher, said he and the other three defense counselors will challenge the accusations.

"We expect that our clients will be exonerated in court. We have really just started our investigation," he said.

Effman is Wyoming County's public defender. He was retained privately by Rademacher.

The other defense attorneys are Joel Daniels, for Swack; Joseph Latona, for Hibsch and Cheryl Myers-Buth, for Warner.

Daniels and Latona are prominent trial attorneys in Buffalo. Myers-Buth is a member of Thomas Burton's law firm in Buffalo, which often represents police officers charged with committing crimes.

Wyoming County Assistant District Attorney Vincent Hemming is the prosecutor assigned to the case.

O'Geen said in an e-mail that he could not divulge the motive for the alleged assault.

"I believe that it is something that will come out at trial," he stated in the e-mail.

But Swack's attorney, Daniels, told the Associated Press the altercation occurred when the guards learned that Williams ''may have had a blade and drugs in his cell.''

In the previous weeks, Daniels said, prison authorities had recovered ''over 70 weapons — knives, shanks, razor blades — from inmates in searches of cells. And a lot of those weapons came from the same C Block where this inmate was.''

The indictments opened Tuesday marked the culmination of a four-month investigation by the New York State Police Bureau of Criminal Investigation, under the direct supervision of George

Brown, the New York State Inspector General's Office and the Department of Corrections and Community Services. The probe is continuing.

Peter K. Cutler, director of public information for the department of corrections, said the four officers have been suspended without pay since early September.

"We had launched our own internal investigation," Cutler said.

The department probe led to the decision to suspend the officers and refer the matter to state police's BCI. The investigation is continuing, Cutler said.

The department spokesman said Swack has worked for corrections for six year, at Attica for four years; Warner, 14 years with corrections, at Attica, almost two years; Rademacher, six years with the department, at Attica, four years and Hibsch, five years with the department and 18 months at Attica.

Brian Fischer, commissioner of the department of corrections, also issued a statement.

"The indictments announced today by the Wyoming County District Attorney against four Attica Correctional Facility security employees are very troubling. The paramount responsibility of our department is to uphold our legal obligation to ensure the safety and security of the offenders in our custody and the employees we're responsible for at each facility."

Fischer also stated the department is cooperating fully with inquiries by other agencies.

"We investigate it thoroughly and take the appropriate action, including, when appropriate, referring the matter to the state police for criminal investigation and the District Attorney for prosecution – whether the incident involves offenders or staff," Fischer stated.

O'Geen said in his news release that all corrections employees should not be judged by the actions of a few.

"What everyone needs to remember as this case goes forward is that this is an indictment of four individuals and not an indictment on the noble profession of corrections officer. Day in and day out there are men and women who honorably guard the prisoners within our system and this indictment should not in any way shed any negative light on those who perform their duties each and every day."

The district attorney also said the four defendants will not receive any special consideration from his office.

"No one is above the law and we will continue to treat this case like every other case as this case proceeds through the criminal justice system in a fair and equitable manner," O'Geen stated.

*(Includes reporting by the Associated Press)*

Buffalo.com (http://www.buffalo.com/)   Shop Buffalo (http://www.shopbuffalo.com/)

Marketplace (http://shopping.buffalonews.com/SS/Tiles.aspx?z=x=menus)   Jobs (http://buffalojobfinder.com/)

Cars (http://www.buffalocars.com/)   Real Estate (http://realestate.buffalonews.com/)

Rentals (http://realestate.buffalonews.com/buffalo-real-estate/for-rent/)   Classifieds (/classifieds)

Pets (http://www.gadzoo.com/buffalonews/pets.aspx)   Tickets (http://www.vipseats.com/?a=2A6B444D-3B8C-44BE-BE4A-0D240084E7C1)

Bflo Magazine (http://bflomagazine.com/)   Brides (http://www.buffalobrides.com/)

Login (https://www.syracceess.net/bh/bn/Account/Logon?
returnUrl=http%3A%2F%2Fwww.buffalonews.com%2Fapps%2Fpbcs.dll%2Farticle%3FAID%3D%2F20130124%2FCITYANDREGION%2F130129572%2F1043&cancelU
Activate (https://services.buffalonews.com/cgi/cgiip.wsc/custservice/web/registration.html)

Thursday, September 19, 2013

# CITY & REGION
# (/SECTION/CITYANDREGION)

ips%2Fpbcs.dll%2Farticle%3FAID%3D%2F20130124%2FCITYANDREGION%2F130129572%2F1043 http://corp.buffalonews.com/services/subscriber/subscribe.asp)

City & Region (/city-region)   Sports (/sports)   Business (/business)   Opinion (/opinion)   Life & Arts (SEARCHs)

Gusto (/gusto)   Deaths (http://www.legacy.com/obituaries/buffalonews/)

⌂ (/apps/pbcs.dll/frontpage)   City & Region (/section/CITYANDREGION)

## Three prison guards reindicted in Attica inmate assault

By *Matt Gryta (mailto:mgryta@buffnews.com)* | News Staff Reporter
on January 24, 2013 - 6:32 PM, updated January 24, 2013 at 6:39 PM

Recommend   0      Share   0      Share      Tweet   0

(/apps/pbcs.dll/article?
AID=/20130124/CITYANDREGION/130129572/1043&template=printart)

WARSAW – Three suspended Attica prison guards were reindicted this week on charges they beat an inmate in 2011.

A Wyoming County grand jury handed up an indictment charging Sean Warner, 37, of Belfast; Matthew Raddenmacher, 29, of Wyoming; and Keith Swack, 37, of Corfu, with first-degree gang assault, tampering with physical evidence and official misconduct.

All three entered not guilty pleas during their arraignments before County Judge Michael F. Griffith and each posted $25,000 bail to remain free pending further court proceedings.

The trio are accused of beating George Williams in the "C" Block of Attica Correctional Facility on Aug. 9, 2011. Williams has filed a civil suit, and claims he suffered a broken collarbone and two broken legs in the alleged assault.

The three officers initially were indicted in December 2011 but Griffith dismissed that case, ruling prosecutors used improper evidence. Erik Hibsch, 28, of Gainesville, a fourth corrections officer initially accused of taking part in the beating, was not indicted in the new grand jury action. Prosecutors confirmed Hibsch had been granted immunity from prosecution before the second grand jury presentation in the case.

Warner, a corrections sergeant who outranked his two co-defendants, also was indicted a second time with first-degree offering a false instrument for filing. He is accused of preparing a use of force report which falsified the details of the cell block incident.
(http://clicks.heap.ad.yieldmanager.net/c/YnY9MS4wJjA=Y=VnMqKDF1ZXFjcTJwcihnaWQkNDgxZTNjOWMtMjE3OSoxMWJzLWJiOTk4ZDNmNGEmOGJxMDYoLHNoJf

